The suit is assumpsit for money paid for the defendant, as his surety. It was commenced 20 November, 1848. Plea, statute of limitations. On the trial the evidence was that the plaintiff *Page 317 
was the surety for the defendant to one Long, and that the plaintiff paid the debt in 1840, at which time the defendant resided in another State. In 1848 the defendant returned to this State, and, a short time before this suit was brought, the plaintiff requested payment from the defendant, and, in the conversation between them about this debt, the defendant said, "Unless John Richmond has paid it for me, it is a just debt and I will pay it," and in another conversation on the same subject the defendant said to the plaintiff, "It is a (446) just debt, and I will pay it, if I cannot prove that it has been settled by John Richmond," John Richmond, who was referred to by the defendant, was present in court at the trial, but was not called upon by either party. The point made was whether there was such a promise or acknowledgment on the part of the defendant as revived the debt and entitled the plaintiff to recover. The court held that there was, and after a verdict and judgment for the plaintiff the defendant appealed.
The Court thinks the judgment should be affirmed. There is not only an acknowledgment of the original justice of the debt, and of its being just still, with the proviso only that it had not been paid by a particular person named, but also an express promise, then, to pay the debt unless or if the defendant could not prove the payment had been made by that person. The defendant undertook, in substance, to prove payment by an individual named, or, upon failure thereof, to pay the money. Upon the strength of that undertaking the onus was on the defendant, since he designated, with precision, the fact on which he relied for his discharge, and the person by whom he engaged to establish the fact affirmatively.
PER CURIAM. Judgment affirmed.
Cited: Kirby v. Mills, 78 N.C. 125. *Page 318 
(447)